### J. W. LUPPY v. STATE.

No. A-3623. Opinion Filed May 12, 1921.
Rehearing Denied Sept. 12, 1921.
(200 Pac. 550.)

(Syllabus.)

1. Intoxicating Liquors—Unlawful Possession—Large Quantities of Whisky in Small Containers Prima Facie Evidence of Intent. Large quantities of whisky in small containers found in the

possession of any person is prima facie evidence that he has it with the intent of violating the prohibitory liquor laws of the state. The possession itself, under such circumstances, is an overt act, and not within the rule stated in Proctor v. State, 15 Okla. Cr. 338, 176 Pac. 771.

2. Sufficiency of Instructions. The instructions as to reasonable doubt, prima facie evidence, and guilty intent examined, and found sufficient.

3. Intoxicating Liquors—Unlawful Possession—Sufficiency of Evidence. The evidence tending to show the unlawful possession of intoxicating liquor examined, and held sufficient.

Appeal from County Court, Kay County; H. S. Burke, Judge.

J. W. Luppy was convicted of violating the prohibitory liquor laws, and he appeals. Affirmed.

J. E. Burns, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall and E. L. Fulton, Asst. Attys. Gen., for the State.

BESSEY, J. J. W. Luppy was, on the 12th day of May, 1919, in the county court of Kay county convicted of having had in his possession on the 10th day of April, 1917, certain intoxicating liquor, with the unlawful intent of violating the provisions of the prohibitory laws of this state. By the verdict his punishment was fixed at 30 days in the county jail and a fine of $300. From the judgment and sentence rendered on the verdict, the defendant (plaintiff in error here) appeals to this court.

The testimony on the part of the state shows that on April 10, 1917, the defendant arrived at Ponca City on a railway passenger train, with a suit case; that an officer, armed with a search warrant, there searched the suit case and found a large number of bottles of whisky, pints and half pints. That he then placed the defendant under arrest, and procured from him a trunk check, and took from his per-

son some invoices of quantities of whisky purchased.    Later
the trunk check was presented to the baggage master and the
trunk taken in charge of the officer, and found to contain two
five-gallon kegs of whisky, between which was a box contain-
ing some bottled whisky.    The invoices indicated that the
whisky contained in the suit case, the trunk, and box was all
purchased at one time.    The defendant, after he was arrested,
admitted that the whisky in the suit case belonged to him.

The defendant did not take the stand, and no testimony
was introduced in his behalf.

The defendant, in his petition in error here, urges 11
assignments of error.    In these assignments of error the de-
fendant first attacks the sufficiency of the information for the
reason that it does not allege that the defendant had com-
mitted or perpetrated any overt act indicative of an unlawful
intent to violate the prohibitory laws of this state; second,
that the court erred in instructing the jury upon the subject of
prima facie evidence and reasonable doubt; and, third, that
the evidence was insufficient to sustain a verdict, for the
reason that the testimony disclosed that the liquor seized was
in interstate transit, and technically not in possession of the
defendant.

There is no merit in the contention that the information
does not charge an offense for the reason that it contains no
statement of an overt act showing an intent to violate the
prohibitory laws of this state.    The language of the informa-
tion is almost identical with the language of the Constitution.
Intoxicating liquor in this state is, in a sense, contraband; the
possession of intoxicating liquor, like the possession of coun-
terfeit money, calls for explanations, and where large quan-
tities of intoxicating liquor in small containers is found in
the possession of any person, that, of itself, is an overt act,

and does not come within the rule announced in the case of Proctor v. State, 15 Okla. Cr. 338, 176 Pac. 771.

It is next urged that the court erred in defining to the jury the meaning of prima facie evidence. We think the definition given was sufficient, and taken in connection with the other instructions, particularly that part of instruction No. 2, "The defendant is presumed to be innocent of the crime charged against him in the information and of any guilty intent until the contrary is made to appear to the jury beyond a reasonable doubt," fairly stated the law applicable to the testimony.

The testimony shows that the suit case containing more than a gallon of whisky in small containers was in the possession of the defendant at the railway station in Ponca City. The liquor consigned to the defendant in the trunk was still in the possession of the railway company, and the testimony concerning the latter was introduced as a part of the res gestae, to throw light upon the intent of the defendant. There is no merit to the claim that the liquor in the suit case was not in defendant's possession, or that it was interstate shipment in transit.

The judgment of the court below is affirmed.

DOYLE, P. J., and MATSON, J., concur.